## COYLE et al. v. ARKANSAS V. & W. RY. CO.

No. 2704.   Opinion Filed September 2, 1913.

Rehearing Denied March 17, 1914.

(139 Pac. 294.)

1.   **RAILROADS—Action on Bonus Note—Petition—Sufficiency.**
Where, in an action by a railway company on a bonus note, which under its terms became payable upon performance of certain conditions by the railway company, the petition contains the name of the court, the county in which the action is brought, together with the name of the parties plaintiff and defendant, followed with the word ''petition,'' and contains the allegations of plaintiff's corporate capacity, the date of the execution and delivery of the note, the purpose for which it was given, and the conditions under which it became payable, and that all of the conditions precedent have been performed by the plaintiff, fully stating the facts constituting a compliance therewith, alleges the amount due thereon, together with interest at a certain rate from a certain date, and that such amount is past due and wholly unpaid, that plaintiff is the owner and holder of the note, and attaches a copy thereof as an exhibit to and part of the petition, and prays for judgment for the amount due and interest from the given date, such a petition states a cause of action, and is sufficient under section 5627, Comp. Laws 1909 (Rev. Laws 1910, sec 4737).

2.   **EVIDENCE—Parol Evidence—Contemporaneous Agreement.**   An instrument reciting: ''For value received, and for benefits accruing to me from the construction of a railroad from some point on the St. L. & S. F. Railroad between S. & T., through the city of P., to connect the B., E. & S. Railway, * * * I * * * agree to pay to the order of A. V. & W. Railway Company, at the Exchange Bank of P., the sum of two hundred and fifty and no-100 dollars, * * * to become due and payable when said railroad shall be constructed to and into P.''—is a contract between the parties.
(a)   No contemporaneous parol condition or consideration may be engrafted into such contract, so as to add to, vary, or contradict the same, except upon proper allegations of fraud, accident, or mistake—following Southard v. A. V. & W. Ry. Co., 24 Okla. 408, 103 Pac. 750.

3.   **CONTRACTS—Railroad Bonus Note—Validity—Public Policy.**   A promissory note or obligation, payable to a railway company in aid of the construction of its line between two given points through a certain point, is not void as against public policy—following Guss v. Federal Trust Co., 19 Okla. 138, 91 Pac. 1046; Guthrie & W. Ry. Co. v. Rhodes, 19 Okla. 21, 91 Pac. 1119, 21 L R. A. (N. S. 490; Cooper v. Ft. S. & W. R. Co., 23 Okla. 139, 99 Pac. 795; Cobb v. Wm. Kenefick Construction Co., 23 Okla. 449, 100 Pac. 551; and Southard v. A. V. & W. Ry. Co., 24 Okla. 408, 103 Pac. 750.

4.    **EVIDENCE**—Parol—Written Contract. In the absence of proper allegations of fraud, duress, accident, or mistake, testimony which tends to contradict, change, vary, or add to the conditions or consideration plainly incorporated in a written contract is not admissible.

(Syllabus by Harrison, C.)

*Error from District Court, Noble County;*
*R. H. Loofbourrow, Assigned Judge.*

Action by the Arkansas Valley & Western Railway Company against J. E. and Ed. J. Coyle. Judgment for plaintiff, and defendant brings error. Affirmed.

*Henry S. Johnston* and *P. W. Cress,* for plaintiffs in error.

*Jackson & Eagleton,* for defendant in error.

Opinion by HARRISON, C. This action was begun in September, 1904, by the Arkansas Valley & Western Railway Company against J. E. and Ed. J. Coyle on a bonus note executed by defendants in favor of plaintiff to secure the building of a railway into the city of Perry; said note being as follows:

ExHIBIT A.

"$250.00.                    Perry, Oklahoma, May 12, 1902.

"For value received, and for benefits accruing to me from the construction of a railroad from some point on the St. Louis & San Francisco Railroad between Sapulpa and Tulsa, I. T., through the city of Perry, in Noble county, to connect with the Blackwell, Enid & Southwestern Railway, I, the undersigned, agree to pay to the order of the Arkansas Valley & Western Railway Company at the Farmers' & Merchants' Bank at Perry, Oklahoma, the sum of two hundred and fifty dollars. The said amount to become due and payable when said railroad shall be constructed to and into the city of Perry, Oklahoma. It is also provided that, if said road is not constructed before January 1, 1904, this obligation shall be void. J. E. Coyle & Son, by Ed. J. Coyle."

Defendants answered, and afterwards filed an amended answer, setting up seven separate defenses to plaintiff's petition, to wit: First. Admitting the execution of the note, and by a general denial of every material allegation not admitted, and

by specifically denying that plaintiff was the owner and holder of the note. Second. That the plaintiff was not the real party in interest, but that the Arkansas Valley & Western Townsite Company was the real party in interest, and the holder and owner of said instrument, and that plaintiff had no capacity to sue. That the plaintiff had no authority under its charter to obtain subscription notes or donations, and that the Arkansas Valley & Western Townsite Company, the real party in interest, having neglected and refused to comply with the laws of the territory regarding the duties of corporations, had no corporate capacity at the time of filing the suit. Third. That said notes were obtained through duress and threats that, unless a certain amount of money was paid to plaintiff, they would locate their line of road some miles north of the city of Perry. Fourth. That the plaintiff had no corporate capacity to transact business in the territory, and had no corporate existence. Fifth. That the proceeds of all bonus notes thus obtained by the townsite company were to go to the townsite company by virtue of a contract between the townsite company and the railway company by which the townsite company was to obtain the right of way through certain counties and towns, the townsite company to have authority thereunder to locate stations and depot grounds, and in consideration therefor to receive whatever bonuses it might obtain. Sixth. That the note in question was one of a series of like instruments aggregating the sum of $25,000, for which the railway company had promised to build its line into the city of Perry, and which amount had been jointly subscribed by the citizens of the city of Perry, and had been fully paid to plaintiff. Seventh. That, by reason of certain acts of fraud and deceit practiced upon the territorial officers in obtaining its charter, and by reason of having, by collusion with certain officers of the city of Perry, unlawfully appropriated moneys belonging to certain city funds, such railway company had forfeited its right to do business in the territory, and that proceedings should be begun by the territory to annul its charter. Thereafter defendants filed a supplemental answer, alleging as further defenses to said action, first, that the contract entered into and notes sued

upon were made and executed on Sunday, and were void; second, that said note was obtained for the purpose of inducing others to sign subscription notes, and under promise by plaintiff was to be thereafter returned to defendants.

The cause being called for trial, and a jury impaneled, plaintiff objected to defendants' counsel making a statement to the jury, or offering any testimony in defense, for the reason that the allegations in defendants' amended and supplemental answer did not constitute a defense to plaintiff's cause of action. The court sustained the objection as to the second, third, fourth, fifth, sixth, and seventh defenses in the amended answer, and as to the second defense in the supplemental answer, and refused to allow defendants to make a statement as to either of such defenses, or to offer any testimony in support of same. Defendants excepted, and the cause was tried on the issues formed by the petition and the defenses set up in the first paragraph of each answer. At the conclusion of the testimony, upon motion of plaintiff, the court directed a verdict in plaintiff's favor. While the record does not contain the verdict, nor does the journal entry of judgment show the amount for which judgment was rendered, yet, as counsel for both parties present and argue the case here as though verdict and judgment had been rendered for the full amount sued for, the face of the note and interest, it will be so treated by this court.

The defendants presented motion for a new trial, and appealed from the judgment and order overruling same. The errors relied upon here are those presented in the motion for new trial, to wit:

"First. Irregularities in the proceedings of the court by which these defendants were prevented from having a fair trial. Second. Abuse of discretion by the court, by which these defendants were prevented from having a fair trial. Third. That the verdict of the jury is not sustained by sufficient evidence. Fourth. That the verdict of the jury is contrary to law. Fifth. That the decision, finding, and judgment of the court is not sustained by sufficient evidence. Sixth. That the decision, finding, and judgment of the court is contrary to law. Seventh. Errors of law occurring at the trial and excepted to by these defendants. Eighth.

That the court erred in overruling the motion of these defendants for judgment upon the pleadings. Ninth. That the court erred in overruling the motion of these defendants for judgment upon the pleadings and opening statement of the counsel for plaintiff. Tenth. That the court erred in overruling the demurrer of these defendants to the petition of plaintiff. Eleventh. That the court erred in overruling the motion of these defendants to make the petition more definite and certain. Twelfth. That the court erred in overruling the demurrer of these defendants to the opening statement of counsel for plaintiff, and upon the petition prior to the introduction of evidence. Thirteenth. That the court erred in admitting and receiving evidence in said cause, and upon opening statement and petition. Fourteenth. That the court erred in admitting irrelevant, incompetent, and immaterial· testimony and evidence otherwise objectionable offered on behalf of plaintiff over the objection of defendants. Fifteenth. That the court erred in excluding good, relevant, competent, and material testimony offered by these defendants. Sixteenth. That the court erred in directing a verdict for the plaintiff. Seventeenth. That the court erred in taking said cause, and the consideration of the facts proven therein, from the jury. Eighteenth. That the court erred at the trial of said cause in excluding the statements offered by the defendants' counsel on behalf of this defendant, and in sustaining the motion of plaintiff to exclude that portion of defendant's statement, and to exclude all evidence thereupon. Nineteenth. That the court erred in sustaining objection to the introduction ˙of testimony in support of defenses Nos. 2, 3, 4, 5, 6, and 7, and also to the second defense stated in the supplemental answer of this defendant. Twentieth. That the court erred in peremptorily directing a verdict in this case, to all of which rulings and findings of the court the defendant duly excepted, and for the foregoing errors so excepted to, and other good reasons, these defendants move and request a new trial and rehearing in this cause."

The tenth, eleventh, twelfth, and thirteenth errors assigned in the motion for new trial relate to the question whether the allegations in the petition were sufficient to constitute a cause of action. The third, fourth, fifth, sixth, eighth, ninth, sixteenth, seventeenth, and twentieth relate to the sufficiency of the evidence to sustain a verdict under the law. The first, second, seventh, fourteenth, fifteenth, eighteenth, and nineteenth relate to

and include other irregularities and errors of law occurring during the trial. The propositions involved will therefore be treated under these three groups.

As to the first group of errors, the petition herein is as follows:

"Now comes said plaintiff and states that it is a railway corporation duly organized and existing under and by virtue of the laws of the territory of Oklahoma. That said defendant J. E. Coyle & Son is a partnership composed of Ed. J. Coyle and J. E. Coyle, and for its cause of action against said defendants alleges and says: That heretofore and, to wit, on the 12th day of May, A. D. 1902, the said defendants, J. E. Coyle, and Ed. J. Coyle, partners as J. E. Coyle & Son, made, executed in writing, and delivered to this plaintiff their certain promissory note of that date, and did thereby, for value received, and the benefits accruing to them from the construction of a railroad from some point on the St. Louis & San Francisco Railroad between Sapulpa and Tulsa, I. T., through the city of Perry, Noble county, Okla., to connect with the Blackwell, Enid & Southwestern Railway, agree to pay to the order of the Arkansas Valley & Western Railway Company, at the Farmers' & Merchants' Bank at Perry, Okla., the principal sum of $250, said amount to become due and payable when said road shall be constructed to and into the city of Perry, Okla. It was provided in said note that, if said railroad is not constructed before January 1, 1904, said obligation shall be void. A copy of said note is hereto attached, marked Exhibit A, and made a part of this petition, the same as if herein set out in full. Plaintiff further states that it is the owner and holder of said note; it has performed all the conditions precedent on its part; that said railway was duly constructed from Tulsa, I. T., a point on the St. Louis & San Francisco Railroad, through the city of Perry, Noble county, Okla., to Enid, Okla., where it connects with the Blackwell, Enid & Southwestern Railway; that said railway was constructed to and into the city of Perry, Okla., in October, 1903, and regular train service was inaugurated on said railway on the 28th day of December, A. D. 1903; that, by reason of the construction of said railway and the inauguration of regular train service, said note became due and payable on and prior to December 28, 1903. Plaintiff further states that said note is long past due and wholly unpaid; that plaintiff has demanded payment, and defendants refuse to pay same, or any part thereof, and that there is due plaintiff the sum of $250, with interest thereon from December 28, 1903, amounting to

$11.66, together with interest on both of said amounts from September 5, 1904, at 7 per cent. per annum. Wherefore plaintiff prays for judgment against said defendants, and each of them, in the sum of $261.66, together with interest thereon from September 5, 1904, at 7 per cent. per annum, and costs."

We think this petition very clearly states a cause of action, and that it is sufficiently definite and certain as to all the material allegations.

As to the second group of errors assigned, those relating to the sufficiency of the evidence, we have read the record closely, and believe that the evidence fairly sustains the judgment on the issues tried; that is, the issues presented by the petition and the first paragraph of each of defendants' answers. The question, then, is whether the court erred in excluding the other defenses, and confining the defendants to the issues formed by the pleadings above mentioned, which brings us to a determination of the third group of errors assigned in the motion for new trial, namely, those relating to "other irregularities and errors of law occurring at the trial," all of which are included within the nineteenth assignment in the motion, and will be disposed of by determination of that assignment.

The proposition presented in the second defense set up in the supplemental answer, being that the note was given for the purpose of inducing others to sign like notes, and was to be returned, without payment, to the maker, involves the question of defendants' right to introduce testimony tending to vary the terms of a written contract, and is disposed of in the case of *Southard v. A. V. & W. Ry. Co.,* 24 Okla. 408, 103 Pac. 750, wherein this court, in discussing the identical question, said:

"In this jurisdiction we are governed by statute, however, which is substantially declaratory of the common law. Section 781 (chapter 15, arts. 2, 52) Wilson's Rev. & Ann. St. 1903 (section 822, St. Okla. 1893), provides that 'the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.' In the case of *Guthrie & Western Ry. Co. v. Rhodes,* 19 Okla. 26, 91 Pac. 1119 [21 L. R. A. (N. S.) 490], this statute is construed under a bonus note contract very similar to the one

involved here, and it was there held that under said statute the execution of a contract in writing supersedes all the oral negotiations or stipulations concerning the terms and subject-matter which preceded or accompanied the execution of the instrument, and, where a note was given as subscription to a railroad to aid in the construction and building of said road, any representations made prior to or contemporaneous with the execution of the note are inadmissible to contradict, change, vary, or add to the conditions or consideration plainly incorporated in and made a part of said note.  See, also, *McNinch v. Northwest Thresher Co.*, 23 Okla. 286, 100 Pac. 525 [138 Am. St. Rep. 803] ; *Threlkeld et al. v. Steward et al.*, 24 Okla. 403, 103 Pac. 630 [138 Am. St. Rep. 888].   However much we might feel inclined to permit, under the facts here, the introduction of the testimony offered by the plaintiff in error, yet, in view of the section of the statute heretofore quoted, and the practically uniform holdings of the courts of this republic, we are not permitted so to do."

With the exception of the fourth defense set up in the amended answer, which is a denial of plaintiff's corporate capacity, and the allegations of fraud and duress in procuring the note, the remaining defenses interposed in the amended answer present the same legal questions involved in the Southard case, *supra,* and are controlled by the rule in that case.   In fact the two cases are so nearly identical in questions of law involved that we see no material distinction between them.   Testimony of the same import as that offered in the case at bar was held inadmissible in the Southard case, because it tended to contradict or varify the plain terms of the note sued on, and the rule announced in that case is followed here.   As to the fourth defense, the plaintiff's corporate capacity was alleged in the petition, and such fact, not having been denied under oath, is, under section 5648, Comp. Laws 1909 (Rev. Laws 1910, sec. 4759), to be taken as true.

As to the question of fraud and duress, the facts alleged are not sufficient in law to constitute duress.   In fact defendants do not urge that they were forced to sign the note against their will, nor do they allege acts of fraud, by which they were misled and deceived into signing it.   The fact that plaintiff represented that the road would be built to some other point unless a bonus

was raised does not of itself present such duress as would render the note void. The defendants may have expected to be benefited to the full amount of the note by securing the railway, and they do not specifically deny that they were so benefited. Nor does the mere fact of the representation that the road would be built to some other point constitute such an act of fraud as would vitiate the note. There is nothing in the record to show that the road would not have been built to some other point if the bonus had not been raised. Nothing to show that such representations were false, or that defendants were deceived or misled thereby. The action is distinguishable from the case of *Cooper v. Ft. Smith & Western R. Co.,* 23 Okla. 139, 99 Pac. 785, for in the Cooper case it was alleged and shown that, after the railway company had already entered into a contract with the citizens of Guthrie for the construction of the road into that city, a meeting of the citizens who knew nothing of the contract was called, and the representation made that, unless a bonus of $50,000 was raised, the line of railway would be diverted and built through a rival town, and that such citizens, not knowing that a contract for the construction of the road into Guthrie had already been entered into, and not knowing the falsity of the statement that the road would be built to some other point, but relying on the truth of such statement, were induced to sign the bonus notes. In the case at bar no such facts existed. It does not appear from the record that the representations were false, and that defendants were deceived by their falseness. Hence, upon a consideration of the entire record, under the doctrine of the Southard case, we see no reversible error.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.