**INNER SHOE TIRE CO. v. MUELLER et al.**

No. 14611—Opinion Filed Feb. 17, 1925.

Rehearing Denied May 5, 1925.

(Syllabus.)

**1. Evidence—Parol Evidence Varying Written Contract—Merger of Oral Negotiations.**

The execution of a contract, in writing, supersedes all the oral negotiations or stipulations concerning its terms and subject-matter, which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and evidence of defendants of parol representations made by an agent of the plaintiff, prior to, or contemporaneous with the execution

of the written contract sued on, is inadmissible to contradict, change, or add to the terms of such contract.

**2. Appeal and Error—Prejudicial Error—Inapplicable Instructions.**

· It is error to give an instruction which has no application to the issues involved or to the evidence in support thereof, although it states a correct principle of law; and where it is apparent that the instruction confused or misled the jury to the prejudice of the losing party, the giving thereof constitutes reversible error.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Inner Shoe Tire Company against E. E. Mueller and C. G. Mueller, a copartnership, doing business under the firm name of Tire Hospital. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

John H. Alsop, W. W. Word, and Beckett & Lewis, for plaintiff in error.

E. F. Maley, for defendants in error.

MASON, J. This action was commenced in the district court of Okmulgee county, Okla., by the plaintiff in error, as plaintiff, against the defendants in error, as defendants, to recover the sum of $388.60 alleged to be due for auto tire accessories furnished by the plaintiff to the defendants upon a written contract.

Upon trial of the case to a jury, a verdict was rendered in favor of the defendants, upon which the court rendered judgment, and from which the plaintiff has appealed.

The evidence in the case is substantially as follows: That an agent of the plaintiff company, which was engaged in making inner tubes for auto tires, called upon the defendants at their place of business in the city of Okmulgee; that after discussing the merits of the inner tubes manufactured by the plaintiff the defendants signed the written order or contract sued on herein, which was forwarded to the plaintiff company by its agent; that upon receipt of said order and contract the plaintiff shipped said merchandise to the defendants, which was received in due time; that after receiving said order the plaintiff also sent its written confirmation of said order to the defendants by mail. The evidence of the defendants, however, is that said confirmation was not received until several weeks after the shipment of inner tubes.

Over the objection of the plaintiff, the defendants were permitted to introduce evidence supporting the allegations of their answer that certain oral representations were made to them by the salesman, or agent, of the plaintiff, at the time the order was signed, to the effect that the defendants could return said inner tubes if they were unsold on the middle of July, 1921; and over the objection of the plaintiff the defendants were also permitted to introduce evidence that the agent of plaintiff made oral representations at the time the contract was entered into that a representative of the plaintiff would be sent to Okmulgee to put on an advertising campaign. The evidence discloses that none of said shoes, or tubes, had been sold or used, and that the entire order was shipped back to the plaintiff by freight, about the middle of July, 1921, but the plaintiff refused to accept the same.

For reversal, the plaintiff contends: First. That the judgment is not sustained by sufficient evidence and is contrary to law; and, second, that the court erred in giving instruction No. 2.

The plaintiff contends that the parol evidence, which was admitted over its objection, was inadmissible and that without the same there was no evidence to support the judgment in favor of the defendants. In discussing this question, Wigmore on Evidence, section 2435, states the rule as follows:

"Where an obligation is embodied in a single document, the very essence of the obligation is its validity and enforcement. Hence an agreement, alleged to have been a part of the transaction that the obligation should not be used as binding or enforceable can never be permitted to be shown, for the writing necessarily determines that very subject to the contrary; in the ordinary phrase, it is necessarily inconsistent with the writing." See, also, McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524, 138 Am. St. Rep. 803.

We are not unmindful of the numerous conflicting authorities upon the question of admissibility of parol testimony with relation to written instruments, many of which have gone very far in holding parol evidence competent for the purpose of showing that the delivery of the instrument was conditional, or that it never took effect at all. But in all the cases sustaining this position the condition was something extraneous to the contract itself. In the case at bar, the making of the contract, or written order, is admitted, but the defendants' plea in effect is that they had a right, in case said purchase did not prove profitable to them,

to reject and ignore the contract and return the goods so purchased. Parol evidence cannot be admitted to show that a written contract was not a contract at all.

A man cannot be heard to say: "To be sure, I made this written order; but I made it subject to the condition, resting in parol, that it must prove profitable to me."

The rule is well established in this state that a contract in writing, if its terms are free from doubt or ambiguity, must be permitted to speak for itself, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts. Brown v. Connecticut Fire Ins. Co. of Hartford, Conn., 52 Okla. 392, 153 Pac. 173; Spalding v. Howard, 51 Okla. 502, 152 Pac. 106; Coyle v. Ark. V. & W. Ry. Co., 41 Okla. 648, 139 Pac. 294; Miller Bros. v. McCall Co., 37 Okla. 634, 133 Pac. 183; McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524; Garrison v. Kress, 19 Okla. 433, 91 Pac. 1130.

The defendants in error in support of their contention cite and rely upon the case of Eastern Mfg. Co. v. Brenk (Tex.) 73 S. W. 538. An examination of that case, however, discloses that it is not applicable to the case at bar. The agreement relied on in that case to change the terms of the written contract was a contemporaneous written agreement, while the agreement relied on in the instant case was verbal.

From the foregoing, we must conclude that the parol evidence admitted by the trial court over the objection of the plaintiff, relative to the representations made by the agent of the plaintiff at the time the written contract was entered into, was not admissible, and that the trial court erred in admitting the same. Without this evidence, there was no competent evidence sufficient to sustain the verdict of the jury, in favor of the defendants.

Plaintiff in error next contends that the trial court erred in giving instruction No. 2, which reads as follows:

"You are instructed that an agent sent out to solicit orders for merchandise has implied authority to bind a principal by a stipulation that the buyer has a right to return the goods if they are unable to sell the same, within a reasonable time."

This instruction embraces a correct statement of an abstract principle of law, and in the absence of the written order, it would have constituted a proper instruction, but under the evidence in this case, no ques-

tion of implied authority of the agent was properly presented.

In Holmes v. Halstid et al., 76 Okla. 31, 183 Pac. 969, the following rule is announced:

"While it is error for the court to instruct the jury upon questions of law not applicable to the issues involved, or evidence in support thereof, even though the instruction correctly states an abstract proposition of law, yet the giving of such instruction will not afford ground for reversal unless it is apparent that the instruction was calculated to confuse or mislead the jury to the prejudice of the losing party."

From an examination of the record in the instant case, it is apparent that the instruction tended to confuse and mislead the jury to the prejudice of the plaintiff, and therefore the giving of the same by the trial court constituted reversible error.

For the reasons above stated, the judgment of the trial court is reversed, and the case remanded for further proceedings not inconsistent with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK and RILEY, JJ., concur.

Note.—See under (1) 13 C. J. p. 597; 22 C. J. p. 1248. (2) 4 C. J. p. 1036; 38 Cyc. p. 1612.