## AMERICAN TRUST CO. v. WALKER.

No. 16522—Opinion Filed April 6, 1926.

1. **Pleading—Amendments at Trial—Motion to Strike Improper—Right of Adverse Party to Postponement of Trial.**

Where a party to an action obtains leave to, and files an amended or supplemental pleading on the day of trial of the cause and it appears that the adverse party is not then prepared to proceed because of a departure, or the setting up of new matter in the amended or supplemental pleading, the proper practice is, not to move to strike such pleading from the files, but to move the court to postpone the trial for such time as may be reasonable for the adverse party to file his answer or reply thereto and to meet such amended pleading.

2. **Bills and Notes—Bona Fide Purchasers of Notes Given for Merchandise.**

Where W. purchases goods, wares and merchandise from N. under a written contract, and thereafter W. executes negotiable instruments for the purchase price of the goods, and A. becomes the owner and holder of such negotiable instruments in due course for value and before maturity, and upon default of payment A. brings action against W., the defense that the goods were consigned to W. to sell on commission is not available to W. as against the holder of the notes.

3. **Evidence—Parol Evidence Varying Writing — Written Contract as Superseding Oral Negotiations.**

The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact, and parol evidence of representations made by an agent prior to or contemporaneous with the execution of the written contract sued on, is inadmissible to contradict, change, alter or add to the terms of such contract.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Pontotoc County; Tal Crawford, Judge.

Action by American Trust Company, against J. P. Walker, to recover upon five written instruments, termed "trade acceptances," of the face value $59.60 each. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Thomas P. Holt, for plaintiff in error.

U. G. Winn, for defendant in error.

Opinion by RUTH, C. The parties will be designated as they appeared in the trial court.

Plaintiff brought its action against defendant to recover upon five written instruments, termed "trade acceptances." due 4, 6, 8, 10, 12 months from the date thereof, and each was in the following form:

"Trade acceptance. St. Louis. Mo. 10-2-1920—$59.60. Four months after date. pay to the order of ourselves at our office at St. Louis, Mo. Fifty-nine and 60-100 dollars. The obligation of the acceptance hereof arises out of the purchase of goods from the drawer _____ National Novelty Import Company. To J. P. Walker, Vanoss. Okla. Due February 2, 1921."

Indorsed across the face of this instrument was the following:

"Accepted J. P. Walker."

Indorsed on the back thereof were the words:

"Pay to the order of American Trust Company, National Novelty Import Co. Per Louise Seaville, Secy. and Treas."

Defendant, in his answer. admits the execution of the instruments, but alleges the plaintiff is not the owner and holder thereof; that the National Novelty Import Company placed a stock of jewelry with defendant to be sold on commission. and defendant was not to pay for same until sold, and that the articles are now in defendant's possession, subject to the order of the National Novelty Import Company, and the National Novelty Import Company is attempting to work a fraud upon the defendant, and he prays judgment. Plaintiff filed a "demurrer and reply" in the same instrument. and by so doing waived its demurrer. In its reply plaintiff denies any connection with the Novelty Company, and alleges if any fraud was perpetrated upon defendant, it was without the knowledge of plaintiff, who is owner and holder of the notes in due course, for a valuable consideration and without notice.

On January 1, 1925. about two years after the action was filed, defendant filed his amended answer, and on February 4, 1925, plaintiff filed its reply thereto, and also its demurrer.

After the jury was duly impaneled and sworn, plaintiff moved to strike the amended answer. Motion to strike and demurrer being overruled, the cause was tried to a jury. and a verdict returned for defendant, and plaintiff appeals, and presents its cause under five specifications of error.

Plaintiff first contends its motion to strike the amended answer should have been sustained, for that it set up new matter and no permission had been obtained from the court to file the same. The answer shows on its face that "leave of the court being first obtained," defendant files his amended answer. etc. We must therefore take the record as speaking truth, and, in any event, the matter being called to the attention of the court before trial, the court's action in overruling the motion was certainly tantamount to granting leave to file the same as of that date.

"Permission to file amended pleadings rests largely within the discretion of the trial court. Kuchler v. Weaver. 23 Okla. 420, 100 Pac. 915. And unless there is a clear abuse of such discretion. the action of the court thereon will not be disturbed on appeal." Lamb v. Alexander. 83 Okla. 292, 201 Pac. 519; Swope v. Burnham, 6 Okla. 736. 52 Pac. 924.

If the amended answer is permitted to be filed just prior to the time of the commencement of the trial of a cause, and it appears that the plaintiff is not then prepared to proceed with the trial, by reason of such amended answer being filed, the proper practice is not to move to strike such amended answer from the files, but to apply to the court to postpone the trial for such time as may be reasonable for plaintiff to file his reply thereto and to meet such amended answer. Bly v. Pool, 60 Okla. 77, 159 Pac. 511.

Defendant's evidence touching the ownership of the notes was the introduction of a letter written by the Novelty Company under date of November 9, 1920, in which it is said:

"We have. therefore. in order to raise funds for use in our own business at this time, disposed of your acceptances to the Central National Bank of this city."

On December 14, 1920, after the receipt of the above letter, defendant wrote to the Novelty Company, declaring he was insolvent and expected to be closed out by the first of the year (January 1. 1921). and wouldn't pay 20 cts. on the dollar, and if he was not closed out he would go into voluntary bankruptcy, and offered to return the goods, but stated that he did not want this offer made known to his other creditors.

This cause was not tried until February 4, 1925, and it does not appear from the record that defendant was ever closed out or went into voluntary or involuntary bankruptcy. This offer was not accepted, and the Novelty Company wrote defendant that the Central National Bank, which held the notes as collateral, had consolidated with the Liberty Bank of St. Louis, forming the Liberty Central Trust Company, and that the Novelty Company had transferred its account to the American Trust Company, to which it had sold its notes, or trade acceptances, outright, at a discount of 8 per cent., and the evidence was uncontroverted that plaintiff was the holder in due course, for value, and before maturity, and had no notice of any claim of fraud until the amended answer of defendant was filed more than four years after defendant received the property from the Novelty Company. No fraud was claimed by the defendant when he wrote the letter of December 14, 1920, in which he claimed to be insolvent, and no fraud was claimed as each of the notes came due, and the fraud now claimed by defendant is that the plaintiff well knew defendant was not to pay for the goods until he sold them, and the transfer was made for the purpose of "trying to work on this defendant."

There is no evidence in the record to support the defense of fraud, or that the plaintiff was not the holder of the notes in due course, for value and before maturity, and without notice of any claim of fraud.

At the trial defendant was permitted to testify as to all conversations had between the defendant and the agent of the Novelty Company prior to, and at the time of the signing of the original contract or order, tending to vary the plain terms of the written contract, and to prove that the "agent agreed the goods need not be paid for until sold by defendant." In other words, that they were shipped on consignment to be sold on commission. The admission of this testimony was error. All the correspondence passing between the Novelty Company and the defendant disproved any such agreement, and the original order signed prior to the execution of the trade acceptances contained in prominent type "No goods on consignment or commission." The defendant was able to read and write, was a business man, who had been purchasing goods of various character, and there is no evidence that he was even hurried into signing the contract, and afterwards the trade acceptances.

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matters, which preceded or accompanied the ex-

ecution of the instrument, in the absence of fraud, accident, or mistake of fact; and parol evidence of representations made by an agent of the plaintiff prior to or contemporaneous with the execution of the written contract sued on. is inadmissible to contradict, change, or add to the terms of such contract." Inner Shoe Tire Co. v. Mueller, 108 Okla. 229, 235 Pac. 1072; Stratton v. Shaffer Oil & Refining Co., 103 Okla. 28, 228 Pac. 772; Mitchell v. Williamson Motor Co., 108 Okla. 246, 235 Pac. 549.

We do not consider the other errors assigned relative to instructions given and refused, as, upon a new trial being had, in conformity with this opinion, the alleged errors will not occur.

The judgment of the trial court is therefore reversed, and this cause remanded, with directions to grant the plaintiff a new trial, not inconsistent with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 618. (2) 8 C. J. p. 742 § 1016. (3) 13 C. J. p. 597 § 616; 22 C. J. pp. 1098, 1102 § 1459; p. 1180 § 1573; anno. 17 L. R. A. 270; 10 R. C. L. p. 1017; 2 R. C. L. Supp. p. 1139; 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp. p. 582.