**LONE STAR GAS COMPANY, a Foreign Corporation, Plaintiff in Error,**

v.

**Norman OAKMAN, Defendant in Error.**

No. 36641.

Supreme Court of Oklahoma.

May 10, 1955.

Brown, Cund & Brown, Duncan, Marshall Newcomb, J. Harold Goode, Dallas, Tex., for plaintiff in error.

J. P. Speer, Duncan, for defendant in error.

HALLEY, Justice.

Norman Oakman sued the Lone Star Gas Company in the District Court of Stephens County to recover $842 alleged to be the balance due him for an easement across his land for pipe line purposes and for damages alleged to have been suffered by his cattle

in the construction of said pipe line in the sum of $2,050.

Plaintiff alleged that the agent of the defendant agreed with him that the defendant would pay him $1,000 for roddage and damage to his land, plus any additional damage to plaintiff's cattle, and that the representative of defendant told plaintiff that if he would sign a right-of-way easement, the defendant would pay him $158 as roddage and upon completion of the pipe line the defendant would pay the balance of $842 as land damage, plus additional amounts due for damage to plaintiff's livestock, and that in reliance upon these promises, the plaintiff executed a right-of-way easement for pipe line purposes and received $158. He prayed for judgment in the sum of $2,892, $842 balance due under contract and $2,050 for damage to cattle.

Defendant's demurrer to plaintiff's petition was overruled as was his demurrer to the evidence and motion for a directed verdict. The jury returned a verdict for plaintiff in the sum of $842, being the balance claimed to be due for easement and land damage. The defendant has appealed and the parties will be referred to as they appeared in the trial court.

The defendant has submitted three propositions for reversal. The first is that the demurrer to plaintiff's petition, demurrer to the evidence and motion for a directed verdict should have been sustained because plaintiff failed to allege or prove a valid collateral oral agreement to pay $842 in settlement of land damage arising out of the laying of the pipe line, because plaintiff's pleading and proof are based on the theory that the $842 was the balance due under an alleged oral agreement that defendant was to pay a total of $1,000, as a total consideration for the written easement agreement, which violates the parol evidence rule in that it is an attempt to change the express terms of a written agreement by parol.

The pertinent portions of the easement agreement signed by the plaintiff are as follows:

"That for and in consideration of One Hundred Fifty Eight and No/100 ($158.00) Dollars to the undersigned, Norman Oakman, (herein styled Grantor, whether one or more) paid, the receipt of which is hereby acknowledged, the said Grantor does hereby grant, sell and convey unto Lone Star Gas Company, a Corporation (herein styled Grantee), its successors and assigns, the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, and to construct, maintain and operate telegraph and telephone lines in connection therewith, together with the necessary poles, guy wires and anchors, over and through the following described lands situated in Stephens County, State of Oklahoma, to-wit: * * *".

The habendum clause grants the right of ingress and egress, and the third paragraph provides in part that defendant will bury all pipe lines below plow depth, and "* * * to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe line, telegraph and telephone lines * * *", such damage, if not agreed upon by the parties, to be fixed by three disinterested persons.

Next to the last paragraph of the written agreement provides:

"The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted. All covenants and agreements herein contained shall extend to and be binding upon the respective heirs, legal representatives, successors and assigns of the parties hereto."

Numerical paragraph 1 of plaintiff's petition alleges:

"That prior to July 17, 1952, the defendant had been negotiating through their agent, Damon O. McConnell, with plaintiff for a pipe line easement across said described land, and that the parties hereto had agreed upon the sum of $1,-000.00 for roddage and land damage, plus any additional damage that plaintiff might suffer to his cattle, such land being pasture where cattle of plaintiff were located, and that on July 17, 1952, the said McConnell as defendant's agent

represented to plaintiff that if plaintiff would sign the R/W easement defendant would pay him $158.00 as roddage, and that immediately upon completion of the laying of the pipe line, defendant would pay to plaintiff the balance of $842.00 land damage plus any additional amounts due for damage to plaintiff's livestock, that in reliance upon the promises of defendant, plaintiff executed a right of way easement for pipe line purposes and received $158.00."

■ Under the foregoing pleading of the plaintiff, should the court have sustained the demurrer of the defendant to the petition and its motion for a directed verdict? Is the proof offered such as to justify a departure from the parol evidence rule? That rule is a part of our statutory law, appearing as Section 137, 15 O.S.1951, and is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument. R.L.1910, § 942."

The pipe line easement contained the following provisions relative to consideration:

"The consideration first above recited as being paid to Grantor by Grantee is in full satisfaction of every right hereby granted."

"It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed."

The written easement also provides in part:

" * * * Grantor is to fully use and enjoy the said premises, except for the purposes hereinbefore granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone lines, * * * "

The written agreement makes no mention of land damages, which we think is covered by the consideration named in the written agreement.

■ While it is not necessary to use the word "fraud" in order to plead fraud, it may be plead by pleading all of the essential facts necessary to constitute fraud. Accident and mistake are nowhere plead and are not covered by the proof of the plaintiff. The rule relative to a proper allegation of fraud is clearly expressed by this Court in Miller v. Troy Laundry Machinery Co., Inc., 178 Okl. 313, 62 P.2d 975, in the sixth paragraph of the syllabus:

"'To establish fraud it must generally be shown that a material false representation was made, that the speaker knew of its falsity, or made it recklessly as a positive assertion without knowledge of its truth, that the speaker intended that the person addressed should act thereon, and that the person so addressed did act thereon to his damage."

In view of the above rule we think it clear that plaintiff's petition fails to allege fraud, and if it does not, the plaintiff was not entitled to introduce parol evidence to contradict or vary the terms of the written instrument.

We also think it is clear that the proof submitted by the plaintiff failed to establish fraud and that under both the pleading and the proof the plaintiff was not entitled to introduce parol evidence in contradiction of the plain terms of the written agreement which the plaintiff admitted that he signed. The plaintiff testified positively that he had an oral agreement with the agent of the defendant that he was to be paid $1,000 for the easement and for any resulting damages to his land, but he failed to either allege or prove the necessary elements to constitute fraud in the procurement of the easement agreement in writing. It was both necessary to allege and prove fraud to entitle the plaintiff to recover a different and additional consideration for the execution of the easement contract. The plaintiff testified at page 43 of the case-made that "through my ignorance I signed that", (referring to the written agreement here in-

volved). In 22 C.J., Evidence, § 1569, page 1171, it is said:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence. For the same reason, where the writing is complete upon its face, an additional executory consideration cannot be shown by parol, or, as it is sometimes expressed, new terms cannot be engrafted into an agreement by parol under the guise of varying the consideration." See, also, 32 C.J.S., Evidence, § 958.

In American Trust Co. v. Walker, 117 Okl. 156, 246 P. 833, 834, it is said in the third paragraph of the syllabus:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter, which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact, and parol evidence of representations made an agent prior to or contemporaneous with the execution of the written contract sued on is inadmissible to contradict, change, alter, or add to the terms of such contract."

In Investors Royalty Co., Inc., v. Lewis, 185 Okl. 302, 91 P.2d 764, 765, it is said in the first paragraph of the syllabus:

"The parol evidence rule renders unenforceable an unexecuted oral agreement inconsistent with the terms of a written agreement made contemporaneously therewith unless it appears to have been omitted from the written contract by fraud, accident or mistake."

A careful consideration of the allegations above quoted in plaintiff's petition wherein the oral agreement to pay $1,000 to plaintiff is alleged, convinces us that neither fraud, accident or mistake is alleged in the execution of the written contract involved. In Ghormley v. Hyatt, 208 N.C. 473, 181 S.E. 242, 108 A.L.R. 618, it is announced that facts constituting fraud must be clearly alleged in order that all necessary elements of fraud may affirmatively appear. In the record before us the plaintiff does not allege that he was deceived, or that the alleged statements by defendant's agent were made for the purpose or with the intent to deceive or mislead him, and does not allege that but for such promises on the part of the defendant he would not have signed the written easement. He does not allege that any false statements induced him to sign. He does allege that he relied upon the alleged oral agreement in signing the contract. The testimony of defendant denies that it agreed to any consideration except that named in the contract.

Since we have concluded that plaintiff failed to plead or prove fraud, accident or mistake, the cases cited by the plaintiff in his brief are not applicable.

In view of our holding under defendant's first proposition, it is not necessary to discuss the errors alleged as to the court's instructions or the alleged error in admitting irrelevant and prejudicial testimony on the part of the plaintiff.

The judgment is reversed with instructions to render judgment for the defendant.

WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, and JACKSON, JJ., concur.