**VAUGHN et al. v. SMITH et al.**

No. 10812—Opinion Filed Feb. 15, 1921.

(Syllabus by the Court.)

**Evidence—Parol Evidence Affecting Writings.**

A contract in writing, if its terms are free from doubt and ambiguity, must be permitted to speak for itself, and cannot, by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud, accident, or mutual mistake of facts.

Error from District Court, Caddo County; Will Linn, Judge.

Action by W. B. Vaughn and B. B. Vaughn against C. P. Smith, J. M. Hines, and T. F. Murray for cancellation of an oil and gas lease, and to remove cloud on title to real estate caused thereby. From a judgment for defendants, plaintiffs bring error. Affirmed.

Morris & Jameson, for plaintiffs in error.

Asp, Snyder, Owen and Lybrand, for defendants in error.

NICHOLSON, J. This action was brought in the district court of Caddo county, by the plaintiffs in error, as plaintiffs, against the defendants in error, as defendants, to cancel a certain oil and gas lease and remove the cloud upon the title of plaintiffs caused by the record thereof.

The lease involved is the ordinary "form eighty-eight" with the added provision that:

"Unless active operations for drilling are begun within five months from the date of this lease and within 2 1-2 miles from section 19, twp. 6 north, range 9 west, this lease shall become null and void."

The contention of the plaintiffs can be best stated by quoting the following from their petition:

"That said contract further provides 'unless active operations for drilling a well are begun within five months from the date of this lease, and within two and one-half miles of section 19, in township 6 north of range 9 west, this lease shall become null and void'; that at the time said lease was executed the defendant C. P. Smith orally agreed to commence active operations for drilling of an oil well within five months from the date of said lease, and within two and one-half miles from section 19, township 6 north, range 9 west of the Indian Meridian, and it was further orally agreed that if he failed to commence drilling a well as above stated within five months from the date of said lease, the said lease shall become null and void.

"That defendant C. P. Smith failed and neglected to commence active operations for drilling a well within the time specified in said lease and within two and one-half miles from said section 19, township 6 north, range 9 west of the Indian Meridian, and in fact he nor his assigns have made any attempt or effort to drill a well as provided in said lease; and as a matter of fact the said C. P. Smith and his assigns have no interest in and to said land by reason of said lease.

"That at the time said lease was executed the said C. P. Smith was getting up a block of leases in which the land of plaintiffs was located; and prior to and at that time the said C. P. Smith represented to and agreed with the plaintiffs that the leases he was securing were not connected with what is known as the Duncan leases, upon which what is known as the Kunsemuller well was afterwards located, representing and agreeing with these plaintiffs that the well referred to in said lease would be located within the block of leases he was then securing and would not be located on the said Duncan leases; that no well was ever drilled or commenced in said block of leases."

At the request of the parties the court made special findings of fact, the only one complained of being as follows:

"The court further finds that prior to and at the time the lease involved herein was executed, C. P. Smith, lessee, orally represented and agreed to the plaintiff that the well to be drilled under the terms of the lease was to be drilled in the block of leases then being procured by the said C. P. Smith, and was in no way connected with the Duncan leases or what is known as the Kunsemuller well, but the court further finds that said representations and agreements, not being inserted in the contract, was no part thereof and are therefore ineffective and not binding upon the lessee or his assigns."

Plaintiffs insist that, because the lease makes no mention of the lease or block of leases upon which the well was to be drilled, it is incomplete and does not purport to cover the entire contract or transaction, and that it was permissible to show the prior oral negotiations or stipulations concerning its terms.

If the lease under consideration did not purport to be complete, but was a mere memorandum, or merely purported to contain some, but not all, of the stipulations between the parties, parol evidence was permissible to show such additional stipulations as are not inconsistent with the writing; but the lease is clear, unambiguous, and appears to be the complete contract of the parties, presenting all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, and the oral representations or

stipulation made prior to or contemporaneous with the execution of said lease were inadmissible to contradict, change, or add to the terms plainly incorporated in, and made a part thereof, in the absence of any allegation of fraud, accident, or mistake of facts. Section 942, Rev. Laws 1910; Guthrie & Western R. Co. v. Rhodes, 19 Okla. 21, 91 Pac. 1119; Garrison v. Kress et al., 19 Okla. 433, 91 Pac. 1130; Page v. The Geiser Mfg. Co., 17 Okla. 110; Liverpool, London & Globe Ins. Co. v. The T. M. Richardson Lbr. Co., 11 Okla. 579, 585; McNinch v. Northwest Thresher Co., 23 Okla. 386, 100 Pac. 524; Threlkeld v. Steward et al., 24 Okla. 403, 103 Pac. 630; Elliott on Contracts, secs. 1620 and 1631.

The court found that the defendants in all things fulfilled their obligations to the plaintiff, and that said lease was a valid and subsisting lease. He further found that the representations and obligations made by the defendant Smith prior to the execution of the lease, not being inserted in the lease, were no part thereof and were ineffective and not binding upon the lessee or his assigns, and denied the prayer of plaintiffs' petition.

In our opinion, the judgment of the trial court is correct, and it is therefore affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.