## VIRGINIA-CALIFORNIA GASOLINE CO. v. JORDAN et al.

No. 13217—Opinion Filed Feb. 19, 1924.

Rehearing Denied March 25, 1924.

### 1. Contracts — Construction — Conclusiveness of Writing.

A contract in writing, if its terms are free from doubt and ambiguity, must be permitted to speak for itself, and cannot, by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud, accident, or mutual mistake of facts.

### 2. Same—Settlement of Balance Due Building Contractor.

Where, in the instant case, under a written contract, a contractor has completed the building of a structure contracted to be built by him, and the owner, with full knowledge of all the facts as to the manner of its construction and the materials used in its construction, enters in possession of said structure and accepts in writing the written statement of the contractor as to the amount claimed by him as balance due him, under the contract, as correct and agrees in writing to pay said balance, in the absence of fraud, accident, or mutual mistake, the owner becomes thereby bound to pay the full amount claimed by the contractor so acknowledged by him.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by E. W. Jordan, L. K. Laney and F. C. Nickel, copartners, doing business under the firm name and style of Jordan, Laney & Nickel, against the Virginia-California Gasoline Company, a corporation, and the Atlas Supply Company, a corporation, for recovery of balance due on contract, foreclosure of lien, and attorney fees. Judgment for plaintiffs. The defendant Virginia-California Gasoline Company brings error. Affirmed.

Disney & Wheeler, Floyd Wheeler, and J. L. Lockowitz, for plaintiff in error.

Rowland & Talbott, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Okmulgee county by E. W. Jordan, L. K. Laney and F. C. Nickel, copartners, doing business under the firm name and style of Jordan, Laney & Nickel, defendants in error, as plaintiffs below, against the Virginia-California Gasoline Company, a corporation, and the Atlas Supply Company, a corporation, plaintiffs in error, defendants below, on account claimed to be due for the construction of a gasoline plant, for the sum of $2,155, and for foreclosure of lien, and for attorney fees in the sum of $1,000.

The parties to this action will be referred to as plaintiffs and defendants, as they appeared in the lower court.

The petition of plaintiffs alleges, among other things, that they entered into a written contract with the defendant, Virginia-California Gasoline Company, as contractors, to design and supervise the construction of an absorption gasoline plant of the approximate capacity of 6,000,000 cubic feet, or more, per day, to be built for the owners upon property designated by the property owners and described in the petition; that the said above named defendant agreed to pay the plaintiffs eight and one-half percent of the total cost of the plant when fully completed in every detail. (A copy of the contract was attached, marked "Exhibit A," and made a part of the petition). They further allege that they performed the services, in the designing and supervising of the construction of the plant, in accordance with the terms and conditions of the contract, and that the total cost of said plant was $33,000, and that on account of said service so performed the Virginia-California Gasoline Company became indebted to the plaintiffs in

the sum of $2,805, upon which they had received $650, leaving a balance of the amount sued for due and owing, with interest from November 28, 1918; that the defendant, through its general manager, acknowledged the correctness of the plaintiffs' account and agreed to pay the same at an early date by letter, a copy of which is attached to plaintiffs' petition; that they perfected their lien upon the property, in due compliance with the statute law of the state, and asked judgment for the sum of $2,155, with interest at six per cent. from the 28th day of November, 1918, and an attorney fee of $1,000, and the costs of the action, and that the judgment be declared a first lien upon the premises, and that the lien of the defendant Atlas Supply Company be declared inferior and junior to their lien.

The defendant Atlas Supply Company filed an answer disclaiming any claim as against plaintiff's petition.

To this petition the defendant Virginia-California Gasoline Company filed its answer, admitting the contract sued upon, but denying it was indebted to the plaintiffs, and filed its cross-petition, claiming damages against the plaintiffs, alleging negligence and failure of plaintiffs to comply with the contract for the construction of the plant, and alleging that it had been damaged in the sum of $3,922.

To the answer and cross-petition of the defendant Virginia-California Gasoline Company, plaintiffs filed their reply by way of general denial.

The cause was tried to a jury and at the close of all the evidence in the case plaintiffs filed demurrer to the evidence, and to the offer of evidence made by the defendant. for the reason that the same was insufficient to prove any defense on part of the defendant or to establish its counter-claim under its cross-petition, and moved the court to instruct the jury to return a verdict in favor of the plaintiffs for the amount sued for in plaintiffs' petition, together with interest and the costs of the action. The demurrer of the plaintiffs to the defendant's testimony was by the court sustained and the jury instructed to render verdict for the sum asked for with interest, and after taking further testimony the court allowed the sum of $500 as attorney fees.

Thereupon, the court pronounced judgment on the verdict of the jury in favor of the plaintiffs and against the defendant Virginia-California Gasoline Company, a corporation, for the sum of $2,155, with accu-

mulated interest in the sum of $371.68, making a total of $2,526.68, to bear interest at the rate of six per cent. per annum from the 13th day of October, 1921, and for costs in the sum of $30 and for $500 attorney fees, and declared said judgment to be a first lien upon defendant's gasoline plant, located upon certain land, describing it, in Okmulgee county, and ordered said property sold according to law in satisfaction of the judgment, to which judgment of the court the defendant then and there duly excepted.

Defendant filed motion for a new trial, which was by the court overruled, and exceptions reserved.

From said judgment this cause comes regularly on appeal by defendant to this court for review.

Attorneys for defendant, in their brief, nowhere set out the pleadings and nowhere set out the contract in dispute, and set out very little of the testimony in the case, but do undertake to set out the words of the attorney, representing the defendant, as to the offer of evidence, which offer was denied by the court and of which they complain, and, in their assignments of error, they do not set out any of the specific proof that was offered and denied, nor the testimony that was objected to or any specific part of the contract, which they claim was ambiguous, as required by Rule 26 of this court, but content themselves with presenting their argument upon three separate and distinct grounds, which are as follows:

"That the court erred in refusing to allow the defendant to introduce evidence to explain ambiguity in the contract entered into between the parties, and offered in evidence by the plaintiffs.

"That the court erred in its refusal to allow the defendant to introduce evidence tending to show defective workmanship done by the plaintiffs. in the construction of the gasoline plant, which is part of the subject-matter in this action.

"That the court erred in instructing and directing the jury to return a verdict for the defendants in error."

Attorneys for plaintiffs, in their brief, set out the contract, which is in controversy here. in full, together with the letter which they claim was an acceptance of the plant and acknowledgment of the debt with an agreement to pay.

The contract, as it appears in brief of plaintiffs, shows that the plaintiffs were employed to design and supervise the construction of a gasoline plant, "under the supervision of Mr. W. P. Dykema", orders for material to be approved by both parties to the contract, the owners to pay all bills incident to the construction and completion of the plant, and defendant assumed no responsibility for machinery or material installed by them, and it is further provided in the contract that defendant should maintain an authorized representative accessible to the contractors, who, the testimony shows, was furnished in the person of N. M. Muir, who was vice-president and general manager, and who signed the contract of the defendant, Virginia-California Gasoline Company. And we find that N. M. Muir, as vice-president and general manager of the above named defendant company, with full knowledge of all the material used in the construction of the plant, and with full knowledge of how the plant was constructed, and with full knowledge of all the facts, testified about when the plant was completed, accepted said plant for the defendant company, and accepted the bill rendered by plaintiffs to the defendant company for the full amount sued for in this action, and agreed to pay the same at the earliest possible date, in the following language, shown by excerpt from the letter introduced in evidence in this case:

"For your information I would state that your invoice of November 28th will be considered correct and that we will cover this account at the earliest possible date."

In the deposition of Mr. W. P. Dykema, he testified that he had supervised the designing and construction of the plant, and that all of the materials used in the construction of the plant were used at his direction, and that the plant was constructed in accordance with the contract, and that he approved the construction of the same.

Under this state of the record we think the court was correct in holding that the terms of the contract were unambiguous, that they needed no oral construction or explanation, that the language was plain and understandable to any one reading it, and that the plaintiffs were not bound by any orders or directions of any one for the designing of, or construction of, the plant other than W. P. Dykema, whose name was placed in the contract and under whose supervision the plant was to be constructed, and the objections raised by Mr. Muir in regard to the steel shavings being placed in the towers by means of shovels and by which he claimed certain foreign substances got in among the shavings, could not be, in any way, construed to limit the right of plaintiffs to recover in this action.

Upon this proposition this court, by a long line of decisions, has held that, in the absence of fraud, accident, or mistake, parol evidence is not admissible to vary or contradict the express terms of a written contract. and that a plain and unambiguous contract leaves no room for construction. The courts will try to give a contract such construction as will make it certain, but cannot change its terms or make a new contract. Romans v. Shannon, 80 Okla. 199, 195 Pac. 298.

And, in the case of Vaughn v. Smith, 80 Okla. 244, 195 Pac. 754, this court said:

"A contract in writing, if its terms are free from doubt and ambiguity, must be permitted to speak for itself, and can not, by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud, accident, or mutual mistake of facts."

The further fact is shown in the record that Mr. Muir made a statement that he did not intend to settle this indebtedness to plaintiffs, but would let them bring legal action in order to hold off the payment as long as possible for the reason given by him that his funds were several thousand dollars short of the amount needed to pay this account, which was not, in any way, denied by him, although he testified in the case.

The further fact that he had full knowledge of all the conditions of the plant and yet, with full knowledge, accepted the plant, acknowledged the entire indebtedness and promised to pay it at an early date by his letter, which was introduced in evidence in this action, entitled the plaintiffs to recover the amount sued for in this action, and the evidence offered was in direct conflict with the terms of a written contract, which was, as we have heretofore held, not ambiguous, and the evidence, as to Mr. Muir having full right and control of the construction work, and the right to give orders in face of the contract, was not admissible, and the other testimony, which was sought to be offered and rejected by the court as to other matters contained in the cross-petition of defendant, after it had appeared that Mr. Muir had accepted the plant for the defendant, had acknowledged the entire indebtedness and had made his written promise to pay the same, any oral statements made in face of the written contract and letter introduced, could not have had any probative force with the court in this action and has none here, The effect of this is an acceptance and a ratification after full knowledge of all the facts, and acknowledgment of the debt and promise to pay. It is, therefore, our opin-ion that the action of the trial court in sustaining the demurrer of plaintiffs to the testimony of defendant and instructing a verdict in favor of the plaintiffs on the face of the records was correct, and should be by this court sustained.

It is, therefore, our opinion that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.