Note.—See under (1) 32 Cyc p. 832; (2, 3) 32 Cyc p. 833 (1926 Anno); (4) 32 Cyc pp. 815 (1926 Anno), 1009 (1926 Anno); (5) 39 Cyc p. 172.

---

## MITCHELL v. WILLIAMSON MOTOR CO.

No. 14557—Opinion Filed April 7, 1925.

(Syllabus.)

**Evidence—Parol Evidence Varying Written Contract.**

A contract in writing, if its terms are free from doubt and ambiguity, must be permitted to speak for itself, and cannot, by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud, accident, or mutual mistake of facts.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Williamson Motor Company, a corporation, against H. L. Mitchell to recover on promissory notes. Judgment for plaintiff, and defendant brings error. Affirmed.

Louis W. Pratt, for plaintiff in error.

West & Petry, for defendant in error.

CLARK, J. For convenience the parties will be referred to as they appeared in the lower court.

This action was brought in the district court of Tulsa county, Okla., by the Williamson Motor Company, a corporation, against H. L. Mitchell, defendant, seeking to recover on a series of promissory notes, same being six in number, the principal of said notes being $1,592.48, interest $387.83, and attorney fees $208.03, making a total in the aggregate of $2,188.34, and for the foreclosure of a chattel mortgage on personal property described therein.

Defendant answered, admitting that plaintiff was a corporation, as alleged in plaintiff's petition, and that on or about the 30th day of August, 1920, defendant executed and delivered to plaintiff a series of 12 negotiable notes, as alleged in petition, and at the same time executed and delivered to the plaintiff a certain chattel mortgage, as alleged in said petition, but denied that at the commencement of this action defendant was indebted to the plaintiff in any sum upon said notes and mortgage. And further answering, defendant had full, sufficient, and competent defense to plaintiff's cause of action. Defendant alleges and states that on or about the 30th day of August, 1920, defendant purchased from the plaintiff a three and one-half ton Republic truck, No. 2551, for which defendant agreed to pay the sum of $4,777.50, and that defendant had paid on account thereof to the plaintiff the sum of $3,185.02; that plaintiff prior to the day of said sale represented and warranted said truck to be in all respects capable of satisfactory operation with a load of 7,000 pounds; and that plaintiff further agreed that defendant would find in operation of truck that the same would be entirely satisfactory with pneumatic tires; the defendant relied upon the representations of plaintiff and depended upon its assurances that said truck would prove satisfactory in operation and purchased said truck for the consideration aforesaid.

Defendant further answered that thereafter, in about two months, when defendant had driven said truck not exceeding 2,000 miles, said tires entirely gave out and this defendant returned the same to the plaintiff, who sent this defendant to the tire manufacturer for adjustment, and was required to pay more than $300 upon the return of said tires in order to obtain new tires for the rear wheels of said truck.

Defendant further answered that plaintiff breached its warranty in that said truck has never been capable of carrying any greater load with the tires aforesaid than defendant's two or two and one-half

ton truck; that this defendant has been compelled to allow said truck to stand idle; that said truck, aside from the fact that said pneumatic tires have been removed from the rims, is in as good condition as when sold, ordinary wear and tear during a short period of use alone excepted.

The plaintiff filed a reply to defendant's answer, in which the plaintiff admitted that the consideration for the notes and mortgage sued on was the sale and delivery by plaintiff to defendant of one three and one-half ton Republic truck; and further pleading that said contract of purchase and sale wherein the plaintiff sold and the defendant purchased said motor truck, described in his answer, was in writing and that all agreements, statements, and negotiations concerning the sale of said truck were fully set out in said contract, copy of which was attached, marked "Exhibit A," and made a part of said reply.

A jury was waived by both parties and said cause tried to the court, and judgment rendered for the plaintiff in the amount sued for. A motion for a new trial was filed, overruled, and the defendant appealed.

The defendant sets out the following specifications of error:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

"(2) Said court erred in admitting evidence on the part of defendant in error.

"(3) Said court erred in refusing and ruling out competent and legal evidence on the part of plaintiff in error."

Defendant contends that the representations made prior to the execution of the contract in writing were admissible and that the court should have admitted evidence that if admitted would have materially contradicted the contract for purchase. The contract was admitted in evidence without objections, which is in words and figures as follows:

"Dated at August 30, 1920.
"Williamson Motor Company,
"Tulsa, Oklahoma.
"Gentlemen:
my
"Enter      order for the following de-
our
scribed goods, to be delivered at once or as soon thereafter as possible, subject to delays by strikes, fires or other causes beyond your control, which goods are to be accepted at the time on the terms and conditions hereinafter specified or the deposit herewith may be forfeited.

"It is understood and agreed that these goods are warranted by the Williamson Motor Company only as the same are warranted to them by the respective manufacturers. This guaranty applies on new goods only unless specifically stated.

"This order contains all the agreements made between the parties hereto, and shall not be binding on the Williamson Motor Company until the same shall have been signed by a proper officer of the company.

| Quantity | Model | Capacity | Specifications | Price |
|---|---|---|---|---|
| 1 | 20 | 3½ Ton | Chasis with cab No. 2551 | 4777.50 |
| | | | Gross total | 4777.50 |

Balance to be paid as follows: Deposit $————
Notes—12 notes to be paid monthly_____$ 3185.00
Trade in—One tractor _____ 1000.00
Cash—to be paid between tenth and fifteenth of Sept. _____ 592.50

Total_____$ 4777.50

"How ship-Drive out.
"Salesman—F. J. Bott.
"Accepted
"Williamson Motor Company
"By——————

"H. L. Mitchell,
"Purchaser."

The evidence discloses that the Williamson Motor Company was represented in the transaction and negotiations for the sale of said truck with the defendant, Mitchell, by F. J. Bott, and that the contract was executed by Bott as salesman and signed by Mitchell.

The defendant contends that said contract is not binding, for the reason the same was not signed by the Williamson Motor Company.

We must conclude that both parties, plaintiff and defendant, acted upon said contract, and that same being admitted in evidence without objections on the part of the defendant, and the question of the insufficiency of said contract being raised here for the first time, that the contention of the defendant is not well taken.

The record further discloses that all of the oral representations or warranties relied on by the defendant were made by the said F. J. Bott. If the written instrument would not be binding upon the Williamson Motor Company, the said contention of defendant that the representations made by the said agent would not bind the Williamson Motor Company.

Defendant further contends that said warranties were additional to the warranties set out and contained in the written contract executed at the time of the sale of said truck, and that the evidence was admissible for this reason.

With this contention we cannot agree. The rule is laid down by this court in a number of cases as follows:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms incorporated into and made a part of the written contract."

The record further discloses that defendant used said truck for hauling in the oil fields, and that he would sometimes carry a load of four tons. The evidence further discloses that defendant complained to plaintiff that the rear tires on said truck had worn out and failed to give good service, and that plaintiff directed defendant to the agent of the manufacturer of said tires and the defendant received a new set of rear tires of the value of $800 or a little better than $800, paying the sum of $300, thereby receiving credit for the defect in said tires in the sum of $500. Defendant accepted said adjustment, paid the $300 and accepted the new tires.

The court upon rendering the judgment for plaintiff found there had been no breach of warranty, as contended by the defendant.

We find that the trial court did not commit error in overruling defendant's motion for a new trial. And for the reason stated, the judgment of the trial court is affirmed.

NICHOLSON, C. J., and BRANSON, MASON, HARRISON, PHELPS, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 22 C. J. p 1098, § 1459.