Dan MITCHELL, Plaintiff in Error,

v.

Addie C. KIMBROUGH, Jr., et al.,
Defendants in Error.

Addie C. KIMBROUGH, Jr., et al.,
Plaintiffs in Error,

v.

Dan MITCHELL, Defendant in Error.

No. 43554.

Supreme Court of Oklahoma.

Nov. 16, 1971.

As Corrected Nov. 24, 1971.

Rehearing Denied Dec. 21, 1971.

Mason & Mason, Tulsa, for William Kimbrough and Wanda Kimbrough on both appeals.

McGee & Hargrave, Tulsa, for Addie C. Kimbrough, Jr., on both appeals.

Kenneth W. Lackey, Eufaula, for Dan Mitchell on both appeals.

DAVISON, Vice Chief Justice.

This action instituted September 8, 1967, by Addie C., Jr., William and Wanda Kimbrough, plaintiffs, against Dan H. Mitchell, defendant, charges in their petition that the defendant "agreed to lend the plaintiffs the sum of $4515.00 for a period of 36 months on the condition that the plaintiffs would pay to defendant for the loan of said money for said space of time, the sum of $3000.00 as interest." The petition further alleged that plaintiffs "besides thereafter paying said sum of $4515.00 on or about the 17th day of December, 1965, did pay and the defendant corruptly took and received said sum of $3000.00 for said loan, which was in excess of ten percent per annum for the said period for which said loan was was made * * *." Plaintiffs' written demand to defendant dated May 16, 1967, to return the usurious charge in the sum of $2850.25 was attached to the petition as exhibit A. Plaintiffs pray for a judgment of double the amount of the alleged usurious charge and an attorney's fee of $2850.25.

Before adverting to the defendant's answer, reference must be made to a written agreement of June 1, 1965, between the plaintiffs and defendant that plays a dominant part in determining the outcome of this action. Later reference will be made to its provisions. The contract is mentioned here because this written agreement, although not attached as an exhibit to plaintiff's petition, was treated by the parties and the trial court as though it were attached. Its execution was not denied.

The defendant's answer pleaded a general denial "except as the same may be hereinafter alleged in detail." The answer then admitted plaintiffs' ownership of the lands involved; alleged plaintiffs' default in their required payments to the Commissioners of the Land Office; their delinquent taxes as to 40 acres of the involved lands; their indebtedness to several persons including defendant, some of whom held mortgages on the involved lands. The answer then alleged that prior to June 1, 1965 (the date of the written agreement hereinabove mentioned) plaintiffs employed defendant to do the things necessary to solve plaintiffs' financial dilemma upon plaintiffs' assurance to defendant that plaintiffs could raise the necessary funds. The answer then alleges that plaintiffs did not come through with their assurance of financial aid from others and defendant agreed to lend plaintiffs $4515.00 necessary to pay off the mortgages on the lands of plaintiffs, which plaintiffs were to have three years to repay and in addition the oral agreement bound plaintiffs (a) to pay defendant $100.00 for defendant's time and expense incurred in negotiating the payments to the Commissioners of the Land Office and others who held mortgages on plaintiffs' land; (b) $150.00 estimate of three years taxes; (c) a $203.00 note; (d) $134.90 legal fees to Boatman, Pugsley and Boatman; (e) $600.00 on open account. The answer further alleged that defendant performed his part of the agreement except taxes were not paid because they were not due, and extended credit to plaintiffs which was in. fact used by plaintiffs and that the total contract payment and credits of defendant for use and benefit of plaintiffs totaled $5702.90 which, together with interest thereon at 10% for the three year term, totaled $7591.00.

Assuming the defenses thus plead by defendant were valid defenses there would have been no usurious interest charged. However, plaintiffs challenged the validity of the special defenses hereinabove set

forth by a motion to strike coupled with a motion for judgment on the pleadings. The trial court sustained, in part, the motion to strike using the contract of June 1, 1965, as a base. This contract in its essential feature provided that defendant "Dan H. Mitchell hereby agrees to pay off three mortgages on the above described land in the sum of $4515.00 and allowing for interest and taxes, making a total of $7591.00." The contract recited the execution of a warranty deed from plaintiffs to defendant covering the lands involved as the consideration for defendant's agreement with the obligation upon defendant to reconvey the land upon plaintiffs' repayment of $7591.00 in three equal annual installments.

That part of the motion to strike that was sustained applied to all special defenses plead by defendant that embraced oral understandings leading up to the written agreement of June 1, 1965. That part of the motion to strike that was overruled applies to (a) $100.00 for defendant's time and expenses incurred for obtaining the pay off figures from the mortgages of the involved lands; (b) a $203.00 note whose maker remained undetermined; (c) a $600.00 open account whose ownership and the real debtor remained in question. The trial court held these items may be regarded under the pleadings as set-offs. The $203.00 was later disregarded because it was not executed by any of the plaintiffs.

The ruling by the trial court on the motion to strike was implicit in the summary judgment rendered March 18, 1969, by consent of all parties subject to each party's right to appeal. The summary judgment was based upon the finding that the written agreement of June 1, 1965, "was usurious on its face and said usury had been paid by the plaintiffs and ruled that the only issue left to be tried between the parties were the questions of set-off on behalf of the defendant." The judgment also contained a recital that if the open account of $579.03 were a proper set-off it was allowable only against defendant, Addie C.

Kimbrough, Jr.'s share of the judgment and a recital that without waiving objections and the right to appeal thereon a set-off may be allowed in favor of defendant for $100.00 covering expenses incurred by defendant and $579.03 on the open account incurred by Addie C. Kimbrough, Jr. Finally a judgment was rendered in favor of William and Wanda Kimbrough in the amount of $2750.25 and an attorney's fee of $150.00 and a judgment was rendered in favor of Addie C. Kimbrough, Jr., in the amount of $1592.19 and an attorney fee of $100.00.

Plaintiffs and defendant, each asserting errors in the rendition of the summary judgment, appealed from the trial court's order overruling each motion for a new trial. We shall continue to refer to the parties by the trial court's designation.

Under appropriate assignments of error in his motion for a new trial and in his petition in error, defendant contends (1) 15 O.S.1961, § 75, provides that by accepting benefits of the oral agreements, that the plaintiffs were estopped to deny their existence or validity; (2) the parol evidence rule does not apply to usury actions; (3) the plaintiffs ratified the parol agreements by accepting the benefits.

The plaintiff in effect asserts that 15 O.S.1961, § 75, has no application to an action for penalties available to one subjected to a usurious interest charge; that the parol evidence rule does apply in usury actions; that plaintiff did not ratify the alleged parol agreements.

■ There can be no doubt that the written agreement of June 1, 1965, is usurious. The agreement's reference to the principal amount of $4515.00 to be used in paying off "three mortgages" and plaintiffs' obligation to repay $7591.00, allowing for interest and taxes renders the transaction a usurious one where, as here, the plaintiff paid to defendant the sum of $7591.00 for a loan of $4515.00. The record is clear that defendant paid no taxes perforce the admission of his answer and the introduction of tax receipts show-

ing taxes on the involved lands were paid by plaintiff; notwithstanding defendant's allegation in his answer that as part of the prior oral understandings plaintiffs were to pay defendant $150.00 estimate of three years ad valorem taxes. The written agreement of June 1, 1965, is clear and unambiguous. The oral negotiations and understanding relating to the plaintiffs' financial dilemma transpired prior to the execution, on June 1, 1965, of the clear written agreement. The written agreement is complete. 15 O.S.1961, § 137, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

Section 137 should be applied here in the same way it was applied to the facts in Warren v. Pulley, 193 Okl. 88, 141 P.2d 288 (1943). In Warren the action was on an alleged oral contract of warranty guaranteeing the water proof condition of the basement of a dwelling purchased by plaintiff from defendant. The parties had entered into a written contract for the purchase and sale of the property. The contract covered many items usually covered in such contracts but made no reference to the basement. The contract was apparently complete on its face. In precluding recovery on the alleged oral contract of warranty we said: "If, however, contrary to plaintiff's allegations, the warranty is treated, not as a part of the consideration, but simply as a subject upon which the contract is silent, evidence thereof was, nevertheless, inadmissible because warranties of quality are so closely bound to sales, that, if made, parties would ordinarily be expected to incorporate them in the written contract." See also Onstott v. Osborne, Okl., 417 P.2d 291 (1966).

Clearly the written agreement of June 1, 1965, which we find to be usurious "supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

■ Defendant next contends in effect that however unambiguous a usurious contract may be, extrinsic evidence may be introduced to explain its provisions and the extraneous circumstances that prompted its execution. This contention in essence means that the parol evidence rule, although applying to other contracts, does not apply to a contract subjected to the charge of usury. This contention collides rather abruptly with 15 O.S.1961, § 151, which says: "All contracts, whether public or private are to be interpreted by the same rules, *except as otherwise provided by law*." (emphasis supplied) The cases are legion which hold that in the absence of fraud, accident or mistake, the terms of an executed written agreement cannot be varied by parol testimony and its clear provisions are not subject to explanation by parol. Early v. King, 38 Okl. 206, 135 P. 286 (1913); Virginia-California Gasoline Co. v. Jordon, 98 Okl. 148, 224 P. 325 (1924); Mitchell v. Williamson Motor Co., 108 Okl. 246, 235 P. 549 (1925).

■ Neither is defendant's contention correct that the acceptance of the benefits of the usurious loan is by virtue of 15 O.S. 1961, § 75, "equivalent to a consent to all obligations arising from it." Such an application of 15 O.S.1961, § 75, would render nugatory 15 O.S.1961, § 267, which defines usury and requires one who makes a usurious interest charge to forfeit, to the one paying the usurious charge, a sum equal to twice the usurious charge. In order that the offended party recover under § 267, he must pay the usurious charge for a loan that he must first receive before it can be said he has paid a usurious charge. We held in First National Bank v. Ellis, 27 Okl. 699, 114 P. 620 (1911) that one who seeks to recover the penalties for a usurious interest charge must allege he has paid the usurious interest. See also First National Bank of Mill Creek v. Landis, 27 Okl. 710, 113 P. 718 (1911).

■ The judgment of the trial court permitted defendant to set off against his liability for making the usurious interest charge (1) $100.00 as the agreed value of defendant's services for obtaining the pay-off figures from the Commissioner of the Land Office, Bailey Oldsmobile and the Estate of George C. Biedleman; (2) credit extended in the sum of $579.03 to Addie C. Kimbrough, Jr., by Farmers Exchange in which defendant was a partner. Exhibit 1 to the deposition testimony of defendant reflects the final item of this extended credit was July 29, 1965, and that this indebtedness was paid to Farmers Exchange by defendant on December 24, 1965. The record seems clear there was no assignment of the Addie C. Kimbrough, Jr., account to defendant but that defendant paid the account because defendant orally guaranteed the account when Farmers Exchange resisted the extension of credit. The trial court permitted this account to be asserted by the defendant as a set-off by one subrogated to the rights of the principal creditor. These claims were liquidated claims. They were not asserted until defendant filed his answer of January 18, 1968. The trial court's treatment of these two claims was permitted under 12 O.S.1965, Supp. § 324, which says: "In any action in which a recovery of money is sought a defendant may set off any cause of action for the recovery of money which he has at the time the answer is filed."

■ Plaintiffs, William and Wanda Kimbrough, contend that the trial court's allowance of $150.00 as their attorneys' fees was too low and much less than the evidence pertaining to attorneys' fees, justified and plaintiff Addie C. Kimbrough, Jr., contends that the trial court's allowance of $100.00 as his attorney's fee was too low and much less than the evidence, pertaining to attorney's fee, justified. There is no testimony in the record pertaining to reasonable attorney's fees and we must presume that on this matter the judgment of the trial court is correct.

■ Finally plaintiffs say that the trial court's computation of the amount of money due plaintiffs is not legally correct. We agree with plaintiffs. It is not contested between plaintiffs that double the amount of the usurious interest is $5700.50 and that Wanda and William Kimbrough is entitled legally to $2850.25 and Addie C. Kimbrough, Jr., is entitled legally to $2850.25. The $100.00 claim is properly chargeable $50.00 to William and Wanda Kimbrough and $50.00 to Addie C. Kimbrough, Jr. But the trial court erroneously doubled these amounts after correctly deciding this claim was a completely extraneous matter to the usurious written agreement of June 1, 1965.

The claim of $579.03 by agreement of plaintiffs is properly chargeable to plaintiff Addie C. Kimbrough, Jr., only. But the trial court erroneously doubled this amount after correctly deciding this claim was a completely extraneous matter to the usurious written agreement of June 1, 1965. The defendant nowhere supports the trial court's method of computation in his brief and we find no support for this method of computation.

Accordingly the judgment of the trial court is modified so that William and Wanda Kimbrough, plaintiffs, have and recover from the defendant, Dan H. Mitchell, a judgment in the amount of $2800.25 and a reasonable attorneys fee of $150.00 and Addie C. Kimbrough, Jr., plaintiff, have and recover from Dan H. Mitchell a judgment in the amount of $2271.22 and a reasonable attorney's fee of $100.00 and costs of this action for each plaintiff.

There being no substantial controversy as to any material fact, the plaintiffs are entitled to judgment as a matter of law.

The judgment as modified is affirmed.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.